RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/14/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CHESTER LEE BARNES, JR.** | DOCKET NO. 14-CV-0056, SEC. P |
| **VERSUS** | JUDGE TRIMBLE |
| **WARDEN CARVAJAL** | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se Petitioner Chester Lee Barnes, Jr., filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner attacks his 2008 "career offender sentence" imposed in the Eastern District of North Carolina.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

Chester L. Barnes, Jr., was convicted and sentenced in the Eastern District of North Carolina on July 29, 2008, to a term of 320 months of imprisonment following his plea of guilty to charges of possession with the intent to distribute more than 5 grams of cocaine base, in violation of 18 U.S.C. §841(A)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1)(A). See Barnes v. U.S., 12-cv-42; 07-cr-351 (EDNC), Doc. #46. Barnes did not file a direct appeal.

On February 9, 2012, Petitioner filed a Motion to Vacate under 28 U.S.C. §2255 in the sentencing court, arguing that his sentence was illegal because he did not qualify as a career offender in light of the Fourth Circuit's ruling in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The motion was dismissed as untimely because Barnes did not file the petition within the limitations period, and he was not entitled to equitable tolling. See United States v. Barnes, 5:07-cr-00351; 5:12-cv-00052 (E.D.N.C. Oct. 19, 2012); aff'd 509 Fed.Appx. 279, 2013 WL 518643 (4th Cir. 2/13/12).

In the petition now before the Court, Barnes claims that his sentence is unconstitutional because he did not qualify as an armed career offender.

## Law and Analysis

A writ of habeas corpus filed under §2241 and a motion to vacate, set aside, or correct a sentence filed under §2255 are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241 is generally used to attack the manner in which a sentence is executed. Id. A petition filed under §2241 that attacks errors that occurred at trial or sentencing should be dismissed or construed as a §2255 motion. See id. at 877-78.

Although 28 U.S.C. §2255 is the primary means under which a

federal prisoner may collaterally attack the legality of his conviction or sentence, §2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 "savings clause." See Garland v. Roy, 615 F.3d 391, 396 (5th Cir. 2010); citing Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

> The "savings clause" states:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The Fifth Circuit has interpreted §2255(e) to mean that there are three "factors that must be satisfied for a petitioner to file a §2241 petition in connection with § 2255's savings clause." Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)(citing Reyes-Requena, 243 F.3d 893). They are: (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision; (2) the claim was previously foreclosed by circuit law at the time when it should have been raised in petitioner's trial, appeal or first §2255 motion; and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. See Garland, 615 F.3d at 394, citing

Reyes-Requena, 243 F.3d at 904 and Christopher v. Miles, 342 F.3d 378, 382 (5th Cir. 2003).

Section §2241 is not a mere substitute for §2255 and the inadequacy or inefficacy requirement is stringent. Id. at 901; see Pack v. Yusuff, 218 F.3d at 452 (holding that the §2255 remedy may be found ineffective or inadequate "only in extremely limited circumstances"). Furthermore, the petitioner bears the burden of proving the inadequacy or ineffectiveness of a §2255 motion. Id.

Barnes does not show that Section 2255 is inadequate or ineffective to test the legality of his detention. In fact, he was indeed able to challenge the legality of his detention in his Section 2255 motion based on the same grounds presented here. It is well-established that neither a prior unsuccessful §2255 motion nor the inability to meet §2244(b)(3)'s second or successive motion requirement renders §2255 inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).

Although Barnes filed this petition under 28 U.S.C. §2241, he challenges the validity of his federal sentence. Such a claim is properly raised in a motion under §2255. See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000) (finding that although Petitioner characterized his claim as a challenge to the legality of his detention under §2241, he was actually challenging the manner in which his sentence was determined and the claim thus had to be raised in a motion under §2255). Petitioner has not alleged that

4

his claims were foreclosed by circuit law at the time when the claims should have been raised in the trial, appeal, or first §2255 petition, and he does not identify a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense[1].

To the extent that Petitioner's claim could be construed as a motion under §2255, this Court would be without jurisdiction to do so. First, Petitioner was sentenced in the United States District Court for the Easter District of North Carolina, not within this judicial district. See Ojo v. Immigration and Naturalization Service, 106 F.3d 680, 683 (5th Cir. 1997)("Although a §2241 petition attacking matters within the province of §2255 should be construed as a §2255 petition, ... a court without jurisdiction to hear a §2255 petition can hardly be expected to do that."). Second, Petitioner previously filed a motion under §2255, has not demonstrated that his remedies under §2255 are inadequate, and has not obtained permission to file a second or successive §2255 motion. See Felker v. Turpin, 518 U.S. 651, 664 (1996)(finding that the Antiterrorism and Effective Death Penalty Act of 1996 requires dismissal of a second or successive petition unless the

---

[1]Petitioner claimed that his case should be deemed timely under §2255(f)(3), based on the Supreme Court case of Carachuri-Rosendo v. Holder, _ U.S. _, 130 S.Ct. 2577 (2010), which the Fourth Circuit at one time applied retroactively on collateral review. However, in 2012, the Fourth Circuit held, that the rule announced in Carachuri-Rosendo was procedural and **not** retroactively applicable to cases on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012). Thus, the Fourth Circuit found that Barnes' motion to vacate was also untimely under §2255(f)(3).

petitioner has obtained "leave from the court of appeals before filing a second habeas petition in the district court").

**<u>Before filing a second or successive §2255 petition, Petitioner must obtain permission from the Fourth Circuit Court of Appeals</u>**.

*Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that Barnes's Petition for Writ of Habeas Corpus be **DENIED and DISMISSED for lack of jurisdiction**.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM

ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 14th day of April, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE